UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | CR 14-00712 SJO | | Date | November 16, 2015 |
|---|---|---|---|---|

| Present: The Honorable | S. James Otero, United States District Judge |
|---|---|
| Interpreter | Not required |

| Victor Paul Cruz | Carol Zurborg | Ranee Katzenstein<br>Paul G. Stern |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (1) Joel Barry Gillis | xx | | xx | James W. Spertus and Samuel A Josephs | xx | | xx |
| (2) Edward Wishner | xx | | xx | Reuven L. Cohen | xx | | xx |

**Proceedings:**   SENTENCING

Matter called.

In preparation for this proceeding the has reviewed the following documents as to Defendant (1) Gillis:  The Presentence Report [# 67] disclosed on 08/10/2015 and the confidential letter recommendation.  Defendant's Objection to Presentence Investigation Report [# 77] and Sentencing Memorandum [# 78] filed 09/14/2015.  Defendant's Under Seal filing of exhibit 48 [# 82] filed 09/18/2015.  Government's Position [# 84] with Respect Defendants Joel Barry Gillis and Edward Wishner filed 11/02/201.  Government's Position [# 87] with Respect to Defendants Joel Barry Gillis and  Edward Wishner, containing the Government's Combined (1) Partial Concurrence in the Presentence Reports and (2) Positions Re Sentencing of Defendants Joel Barry Gillis and Edward Wishner filed 11/02/2015.  Government's Under Seal documents [# 90 and # 92] filed 11/04/2015.  The Revised Presentence Report [# 96] and First Addendum [# 97] filed on 11/10/2015.

Defendant argues that the Government has not carried its burden of proving loss between $65 Million and $150 Million, that the Sophisticated Means Enhancement should not apply and have made a request for a sentence that is significantly under the guidelines.  The defendant argue that the total offense level based should be adjusted to an offense level of 28, a criminal history category of I, resulting in a guideline range of 78 to 97 months.  Defendant requests that the Court impose a sentence of two years in prison, followed by three years of supervised release, and 1,000 hours of community service to be served during the period of supervised release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court indicates that it has read most of all the victim impact letters.

In regards to Defendant Wishner the Court has reviewed the following documents: The Presentence Report [# 68] disclosed on 08/10/2015 and the confidential letter recommendation. Defendant's Sentencing Memorandum [85] filed 11/02/2015. Defendant's Under Seal document [# 93] filed 11/05/2015. Government's Response to Defendant Wishner's Sentencing Position [# 95] filed 11/09/2015. The Revised Presentence Report [# 98] and First Addendum [# 99] filed on 11/10/2015.

Court indicates that Defendant Wishner joins all of co-defendant Gillis' objections. Defendant requests that the Court impose a sentence of two years in prison, followed by three years of supervised release, and 1,000 hours of community service to be served during the period of supervised release.

The Court indicates that the government concurs in the findings of the PSRs for Defendants except to the extent the PSRs apply the sentencing guidelines without the amendments that went into effect on November 1, 2015. Government requests that the Court impose a sentence of 204 months as to each defendant.

Defendant Gillis acknowledges that he has reviewed the PSR, the addendum and the revised PSR with his counsel.

The Court indicates that the November 1, 2015 sentencing guidelines apply.

Counsel argue.

The Court concludes that the Government has proved or established a loss in excess of $65 million by clear and convincing evidence or beyond, and the Court overrules the objection to paragraph 46 of the PSR.

The Court applies a six-level enhancement under USSG § 2B1.1(b)(2), because more than 25 victims suffered substantial financial hardship.

The Court finds that a two level enhancement for sophisticated means applies for the reasons that have been articulated.

The Court finds that the adjusted offense level is 36 and criminal history category is I.

Court rules on defendants objections to the Presentence report. The Court has ruled on the objection regarding the loss calculation, the objection regarding the two levels for sophisticated means and the objection regarding the number of victims. The Court overrules the objection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

and finds that the analysis accurately represents the number of victims. The objection that the PSR incorrectly references an indictment is addressed in the revised PSR. The objection that the PSR did not make it clear that NASI operated as a legitimate business is overruled. The Court declines to rule on the objection to the description of Mr. Gillis's home as being nestled in the hills and because it doesn't make a difference. The Court declines to rule on the objection to the PSR's representation that defendant vocationally attends gambler anonymous because it doesn't make a difference in terms of sentencing or the guideline analysis. The Court declines to rule on the objection to the PSR's analysis specifically to cite defendant's attendance at North Western University because it wouldn't affect the sentencing. The Court defers ruling on the objection regarding restitution within 90 days and to the objection to the PSR's failure to identify factors that would warrant departure.

Counsel for each defendant argue regarding 3553 factors.

Defendant Wishner acknowledges that he has reviewed PSR, the addendum and the revised PSR with his counsel.

The Court allows several of the victims to make impact statements in open court.

Defendant Gillis exercises his right of allocution.

Defendant Wishner exercises his right of allocution.

As to Defendant Gillis, the Court pronounces the following sentence:

Pursuant to 18 U.S.C. § 3664(d)(5), a deferred restitution hearing shall be calendared for hearing on Monday, February 1, 2016 @ 10:00 a.m. An amended judgment will be entered after such determination. If an amended judgment is not entered within 90 days, the ability to order any restitution will terminate.

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall comply with General Order No. 01-05.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

defendant, Joel Barry Gillis, is hereby committed on Count 1 through 4 of the Information to the custody of the Bureau of Prisons for a term of 120 months. This term consists of 120 months on each of Counts 1 through 4 of the Information, to be served concurrently.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three year. This term consists of three year on each of Counts 1 through 4 of the Information, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2. The defendant shall not commit any violation of local, state, or federal law or ordinance.

3. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engaging in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

5. The defendant shall cooperate in the collection of a DNA sample from the defendant.

6. The defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court advises the Defendant of his right to appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court recommends that the defendant shall be designated to United States Penitentiary at Lompoc California.

The bond shall be exonerated upon surrender.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on Monday, December 28, 2015. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

The Court adds the following conditions to defendant's pretrial supervision:

Defendant is Ordered to report to Pretrial Services Agency (PSA) for supervision, forthwith.

Defendant shall participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which will include a location monitoring bracelet.

Defendant is restricted to his residence at all times except for medical needs or treatment, attorney visits, court appearances, or work, all of which must be preapproved by Supervising Agency;

Defendant's travel is restricted to Los Angeles County.

Defendant shall not go near or to any airport, bus or train terminal.

As to Defendant Wishner the Court pronounces the following sentence:

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to 18 U.S.C. § 3664(d)(5), a deferred restitution hearing shall be calendared for Monday, February 1, 2016 @ 10:00 a.m. An amended judgment will be entered after such determination. If an amended judgment is not entered within 90 days, the ability to order any restitution will terminate.

The defendant shall comply with General Order No. 01-05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Edward Wishner, is hereby committed on Count 1 through 4 of the Information to the custody of the Bureau of Prisons for a term of 108 months. This term consists of 108 months on each of Counts 1 through 4 of the Information, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1 through 4 of the Information, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2. The defendant shall not commit any violation of local, state, or federal law or ordinance.

3. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engaging in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

5. The defendant shall cooperate in the collection of a DNA sample from the defendant.

6. The defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court advises the Defendant of his right to appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

The Court recommends that the defendant shall be designated to United States Penitentiary at Lompoc California.

The bond shall be exonerated upon surrender.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on Monday, December 28, 2015. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

The Court adds the following conditions to defendant's pretrial supervision:

Defendant is Ordered to report to Pretrial Services Agency (PSA) for supervision, forthwith.

Defendant shall participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which will include a location monitoring bracelet.

Defendant is restricted to his residence at all times except for medical needs or treatment, attorney visits, court appearances, or work, all of which must be preapproved by Supervising Agency;

Defendant's travel is restricted to Los Angeles County.

Defendant shall not go near or to any airport, bus or train terminal.

|  | : | 1/47 |
|---|---|---|
| Initials of Deputy Clerk | vpc | |

cc: Probation Office