Reuven L. Cohen (Bar No. 231915)
rcohen@cohen-williams.com
Alyssa D. Bell (Bar No. 287751)
abell@cohen-williams.com
Gabriel L. Pardo (Bar No. 261625)
gpardo@cohen-williams.com
**COHEN WILLIAMS LLP**
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone:  (213) 232-5160
Facsimile:   (213) 232-5167

Attorneys for Defendant,
JOEL BARRY GILLIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>JOEL BARRY GILLIS,<br><br>             Defendant. | Case No.  CR 14-00712-TJH<br><br>**NOTICE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES** |

Defendant, Joel Barry Gillis, by and through his counsel of record, Reuven L. Cohen, Alyssa D. Bell, and Gabriel L. Pardo, hereby submits this notice regarding the status of his request for compassionate release submitted to the Bureau of Prisons. This notice is based on the attached declaration of counsel, the files and records in this case, and any further information as may be presented to the Court.

Respectfully Submitted,
COHEN WILLIAMS LLP

Dated: April 28, 2020

By: */s/ Reuven L. Cohen*
Reuven L. Cohen
Alyssa D. Bell
Gabriel L. Pardo
Attorneys for Defendant
JOEL BARRY GILLIS

1

# DECLARATION OF REUVEN L. COHEN

I, Reuven L. Cohen, declare:

1. I am an attorney for Joel Barry Gillis. I am licensed to practice law in the State of California and I am admitted to practice in this district. I submit this declaration in support of Mr. Gillis's Notice of Exhaustion of Administrative Remedies.

2. On April 17, 2020, Mr. Gillis moved for reconsideration (Dkt. 166) of the Honorable Judge S. James Otero's denial of his *ex parte* application for compassionate release (Dkt. 165). The denial was based, in part, on a failure to exhaust administrative remedies.

3. Mr. Gillis submitted a request for compassionate release to the Bureau of Prisons ("BOP") on April 1, 2020. *See* Dkt. 162-1. Since the filing of the motion for reconsideration, the BOP has denied Mr. Gillis's request. Attached hereto as Exhibit 1 is a true and correct copy of the BOP's notice of denial.

4. Therefore, Mr. Gillis has now exhausted his administrative remedies, thereby removing any barrier to the Court's determination of his eligibility for relief. 18 U.S.C. § 3582(c)(1)(A)(i).

5. Mr. Gillis has been on lockdown for the past ten or eleven days and is unable to communicate with either his family or his attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 28, 2020, at Los Angeles, California.

*/s/ Reuven L. Cohen*
Reuven L. Cohen

# EXHIBIT 1

U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex
3901 Klein Blvd
Lompoc, California 93436

April 7, 2020

MEMORANDUM FOR GILLIS, JOEL, REG. NO. 68556-112

FROM: B. von Blanckensee, Complex Warden

SUBJECT: Compassionate Release Review

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.